# Carnicella Exhibit 1

## Application for
## Administrative Search Warrant

| **Commonwealth of Pennsylvania**  | **APPLICATION FOR** **SEARCH WARRANT** **AND AUTHORIZATION** |
|---|---|
| **COUNTY OF** Allegheny | |

| Docket Number (Issuing Authority): MD-10-24 | Police Incident Number: | Warrant Control Number: |
|---|---|---|

| Kristen Court | DHS, OCDEL, Bureau of Certification | (412) 565-5239 | |
|---|---|---|---|
| **AFFIANT NAME** | **AGENCY** | **PHONE NUMBER** | **DATE OF APPLICATION** |

**IDENTIFY ITEMS TO BE SEARCHED FOR AND SEIZED** *(Be as specific as possible)*:

The Department requests to search the inside and outside premises of South Hills Catholic Academy's before and after school child care program to determine whether conditions at this (current) unlicensed facility pose a threat to the health and safety of children. Additionally, the Department requests to search for files and records at this (current) unlicensed facility that pertain to how many children are in care and information regarding their care.

**SPECIFIC DESCRIPTION OF PREMISES AND/OR PERSON TO BE SEARCHED** *(Street and No., Apt. No., Vehicle, Safe Deposit Box, etc.)*:

The inside and outside premises of South Hills Catholic Academy's before and after school child care program located at 550 Sleepy Hollow Road, Pittsburgh, Pennsylvania 15228-2661.

**NAME OF OWNER, OCCUPANT OR POSSESSOR OF SAID PREMISES TO BE SEARCHED** *(If proper name is unknown, give alias and/or description)*:

South Hills Catholic Academy and/or Principal Harmony Stewart and/or Staff of the Child Care Program

| **VIOLATION OF** *(Describe conduct or specify statute)*: | **DATE(S) OF VIOLATION:** |
|---|---|
| 62 P.S. §§ 911(a)(1)(b); 55 Pa. Code § 20.34; 55 Pa. Code § 3270.24 | 2-23-22 to present date |

☐ *Warrant Application Approved by District Attorney – DA File No.* _____
   *(If DA approval required per Pa.R.Crim.P. 202(A) with assigned File No. per Pa.R.Crim.P. 507)*

☒ *Additional Pages Attached (Other than Affidavit of Probable Cause)*

☒ *Probable Cause Affidavit(s) MUST be attached (unless sealed below)   Total number of pages: 25*

**TOTAL NUMBER OF PAGES IS SUM OF ALL APPLICATION, PROBABLE CAUSE AND CONTINUATION PAGES EVEN IF ANY OF THE PAGES ARE SEALED**

The below named Affiant, being duly sworn (or affirmed) before the Issuing Authority according to law, deposes and says that there is probable cause to believe that the items or property identified are evidence or the fruit of a crime, or are contraband, or are expected to be otherwise unlawfully possessed or subject to seizure, and that these items or property are or are expected to be located on the particular person or at the particular place described above. I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

| _(signature)_ | OCDEL, 11 Stanwix Street, Pittsburgh, PA 15222 | N/A |
|---|---|---|
| **Signature of Affiant** | **Agency or Address if Private Affiant** | **Badge Number** |

Sworn to and subscribed before me this ___ day of April, 2024. Mag. Dist. No. 05-2-19

_Hilary K Wheatley_   680 Washington Rd B103 Pittsburgh PA 15228 _(SEAL)_
**Signature of Issuing Authority        Office Address**

**SEARCH WARRANT**
**TO LAW ENFORCEMENT OFFICER:**
WHEREAS, facts have been sworn to or affirmed before me by written affidavit(s) attached hereto from which I have found probable cause, I do authorize you to search the premises or person described, and to seize, secure, inventory and make return according to the Pennsylvania Rules of Criminal Procedure.

☑ This Warrant shall be served as soon as practicable and shall be served only between the hours of 6AM to 10PM but in no event later than:*

☐ This Warrant shall be served as soon as practicable and may be served any time during the day or night but in no event later than: **
   12:00 PM, o'clock April 10, 2024

☐ This Warrant shall be returned to judicial officer _____

* The issuing authority should specify a date not later than two (2) days after issuance. Pa.R.Crim.P. 205(4).
** If the issuing authority finds reasonable cause for issuing a nighttime warrant on the basis of additional reasonable cause set forth in the accompanying affidavit(s) and wishes to issue a nighttime warrant, then this block shall be checked. Pa.R.Crim.P. 206(7).

Issued under my hand this ___ day of April, 2024, at ___, D. HILARD WHEATLEY,
**MAGISTERIAL DISTRICT JUDGE**

_Hilary K Wheatley_        05-2-19        MAGISTERIAL DISTRICT 05-2-19 _(SEAL)_
**Signature of Issuing Authority        Mag. Dist. or Judicial Dist. No.**   MY COMMISSION EXPIRES ON THE FIRST MONDAY OF JANUARY 2028

Title of Issuing Authority: ☒ Magisterial District Judge  ☐ Common Pleas Judge  ☐ _____

☐ *For good cause stated in the affidavit(s) the Search Warrant Affidavit(s) are sealed for* _____ *days by my certification and signature. (Pa.R.Crim.P. 211)*

_____ _(Date)_ _(SEAL)_
**Signature of Issuing Authority** *(Judge of the Court of Common Pleas or Appellate Court Justice or Judge).*

**TO BE COMPLETED BY THE ISSUING AUTHORITY**

| Commonwealth of Pennsylvania |  | **AFFIDAVIT OF PROBABLE CAUSE** |
|---|---|---|

**COUNTY OF** Allegheny

| Docket Number (Issuing Authority): | Police Incident Number: | Warrant Control Number: |
|---|---|---|

*PROBABLE CAUSE BELIEF IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:*

Please see attached pages consisting of the Department of Human Services, Office of Child Development and Early Learning's, affidavit of probable cause to conduct an administive search warrant.

I, THE AFFIANT, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.   I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

| _Affiant Signature_ | 4/8/24 _Date_ | _Issuing Authority Signature_ | 4/8/24 _Date_ | *(SEAL)* |
|---|---|---|---|---|

**Procedural History:**

1.      On February 23, 2022, the Department of Human Services ("DHS"), Office of Child Development and Early Learning ("OCDEL"), conducted an inspection at the South Hills Catholic Academy ("SHCA") located at 550 Sleepy Hollow Road, Pittsburgh, PA 15228-2661. During the inspection, which occurred after school hours and as part of SHCA's Guardian Angels Program ("GAP"), OCDEL observed two staff members caring for approximately 50 children at one time. On March 17, 2022, OCDEL issued SHCA a Cease & Desist ("C&D") Order to stop operating the GAP, an uncertified childcare facility.

2.      SHCA timely appealed the C&D Order with the administrative tribunal, the Bureau of Hearings and Appeals ("BHA"). SHCA also filed a Motion to Dismiss with BHA argued that OCDEL did not have jurisdiction to require the GAP to obtain a certificate of compliance/license ("COC") to operate. BHA issued an Order denying SHCA's Motion to Dismiss. SHCA filed an Interlocutory Appeal of BHA's Order with DHS's Secretary, but that appeal was denied on May 18, 2023.

3.      On June 2, 2023, SHCA filed a Petition for Review with Commonwealth Court, and, once again, raised the issue of OCDEL's jurisdiction to require SHCA to obtain a COC, among other legal issues.

4.      From February 23, 2022, until September 12, 2023, OCDEL conducted routine monitoring inspections at SHCA to assess and determine whether conditions at the facility posed a threat to the health and safety of the children. During that time, OCDEL observed that approximately 17 to 50 children were in care and that only a few staff persons (sometimes only 2 to 3) were present during various inspections. At no time during those inspections was OCDEL given permission or access to thoroughly conduct proper inspections to assess other childcare facility conditions that may pose a risk to children, nor did they have the opportunity to inspect file and records.

5.      On September 12, 2023, OCDEL was denied access to the GAP. SHCA and DHS filed pleadings with Commonwealth Court for its decision on whether OCDEL could conduct monitoring inspections during the pendency of the litigation. On December 20, 2023, the Court issued an Order staying OCDEL's inspections until "further order of **this** Court." (Exhibit A – Stay Order.)

6.      On January 11, 2024, Commonwealth Court issued its Opinion on SHCA's Petition for Review and affirmed BHA's Order denying SHCA's Motion to Dismiss for lack of jurisdiction. This Order by Commonwealth Court constituted a "further order of this Court" thereby nullifying the Stay Order.

7.      On February 9, 2024, SHCA filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court. The PA Supreme Court docketed the appeal at 51 WAL 2024; however, the Court has not issued an order accepting the case. Therefore, Commonwealth Court's January 11, 2024, Opinion is the most recent Opinion and Order addressing the legal issues raised by SHCA.

12.    DHS's regulations also state that a facility or agency shall provide to authorized agents of the Department full access to the facility or agency and its records during both announced and unannounced inspections. 55 Pa. Code § 20.34. The facility or agency shall provide the opportunity for authorized agents of the Department to privately interview staff and clients. *Id.* A staff person shall provide to agents of the Department immediate access to the facility and, upon request, to the children and the files and records. 55 Pa. Code § 3270.24.

13.    55 Pa. Code Chapter 3270, child care centers, applies to facilities in which out-of-home care is provided, at any one time, for part of a 24-hour day to seven or more children, 15 years of age or younger, including: (2) care provided in private or public, profit or nonprofit facilities and/or (3) care provided before or after the hours of instruction in nonpublic schools and in private nursery schools and kindergartens. 55 Pa. Code § 3270.3(a)(2-3). "Facility" is defined as a childcare center. 55 Pa. Code § 3270.4. A "childcare center" is defined as the premises in which care is provided at any one time for seven or more children unrelated to the operator. *Id.*

14.    DHS has a statutory responsibility to supervise all children's institutions and determine whether any premises qualifies as a childcare center within this Commonwealth under 62 P.S. §§ 902; *St. Elizabeth's Child Care Center v. Dep't of Pub. Welfare*, 963 A.2d 1274, 1276-78 (Pa. 2009). To comply with its responsibilities to supervise children's institutions and determine whether any premises qualifies as a childcare center, DHS must ensure that the children's institutions within the Commonwealth follow the requirements as set forth in Titles IX of the Human Services Code and the applicable regulations. Thus, if DHS finds that any children's institution fails to comply with any of the above statutory or regulatory requirements, DHS has a duty to enforce the statutory and regulatory requirements.

15.    DHS respectfully requests that an administrative search warrant be issued to Affiant so that DHS can enter and inspect the GAP to assess the health and safety of the children. OCDEL's inspections include, but are not limited to, assessments of staff per child ratios, whether there are fire or equipment hazards, if children are being supervised appropriately, what procedures are in place should a child need emergency medical care, etc.

16.    An administrative agency may obtain a search warrant to inspect both residential and commercial settings to carry out the agency's duties and responsibilities. *Camara v. Municipal Court*, 387 U.S. 523, 528-529 (1967); *See v. Seattle*, 387 U.S. 541 (1967); *Warrington Township v. Powell*, 796 A.2d 761 (Pa. Cmwlth. 2002); and *1st Steps Int'l Adoptions v. Dep't of Pub. Welfare*, 880 A.2d 24 (Pa. Cmwlth. 2005).

17.    DHS has a legitimate interest in protecting the safety and welfare of children, especially when investigating unlicensed and illegally operating facilities. *St. Elizabeth's Child Care Center*, 963 A.2d at 1276-78.

18.    DHS need not have probable cause that a crime is occurring, but rather probable cause that they need to enter and inspect the premises to carry out their administrative duties and responsibilities. *Camara*, 287 U.S. at 538; and *Griffin v. Wisconsin*, 483 U.S. 868, 877 (1967).

**EXHIBIT A**

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

South Hills Catholic Academy,   :
       Petitioner :
           :
  v.        : No. 563 C.D. 2023
           : Argued: October 10, 2023
Department of Human Services,  :
       Respondent :

### PER CURIAM   MEMORANDUM AND ORDER

  NOW, December 20, 2023, before this Court are two applications by the Department of Human Servies (Department) and one application by South Hills Catholic Academy (Private School). After considering the applications and corresponding answers, this Order will dispose of all three applications.

  **The Department's Emergency Motion for Clarification**

  On July 31, 2023 this Court issued an Order (Order) staying "all proceedings in the underlying action" (Stay Provision). The Department's Emergency Motion for Clarification requests this Court clarify the Stay Provision with respect to whether the Department has the authority to inspect Private School pending the outcome of its appeal before this Court. A "proceeding," in a legal context, generally deals with arguments, hearings, appeals and the like. A proceeding is "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." Black's Law Dictionary 1457 (11th ed. 2019). Furthermore, the Court's use of the phrase, "in the underlying action," was referring to the underlying litigation. The parties agree that in response to the Court's Order, the parties informed the Department's Bureau of Hearings and

staff's attempt to inspect Private School was not a "proceeding." We also agree, as explained above, that clarification was needed. Mere noncompliance with a court order does not equate to contempt. Rather, South Hills needs to establish that the Department (1) had notice of the order, (2) the Department voluntarily violated the order and (3) the Department acted with wrongful intent. *See Commonwealth v. Honore*, 150 A.3d 521 (Pa. Cmwlth. 2016). As explained above, we do not conclude the Department voluntarily violated the Order nor do we believe it acted with wrongful intent. As a result, we conclude the Department did not violate the Stay Provision, and we DENY Private School's Contempt Application.

Order Exit
12/20/2023

**EXHIBIT B**

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

South Hills Catholic Academy,      :
             Petitioner  :
                          :
        v.                :  No.  563 C.D. 2023
                          :  Argued:  October 10, 2023
Department of Human Services,  :
            Respondent :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE STACY WALLACE, Judge

OPINION
BY JUDGE WALLACE                  FILED: January 11, 2024

      South Hills Catholic Academy (Private School) petitions for review of the Department of Human Services' (the Department) May 18, 2023 order denying its appeal of an Administrative Law Judge's (ALJ) order that denied Private School's Motion to Dismiss the Department's March 17, 2022 cease and desist letter.  In its cease and desist letter, the Department determined Private School's Guardian Angels Program (the Program) was an uncertified child care center and ordered Private School to stop operating the Program.  In this appeal, which Private School asserts is an appeal as of right from a collateral order pursuant to Pennsylvania Rule of Appellate Procedure 313(b) (Rule 313(b)), Private School's primary argument is that the Department does not have jurisdiction to regulate the Program.

      On June 6, 2023, the Department filed a Motion to Quash Private School's petition for review, arguing Private School is not entitled to appeal the Department's

([Sections 901-902 of the Human Services Code[1],] 62 P.S. §§ 901 – 902; 55 Pa. Code § 3270.3; St. Elizabeth's Child Care Center v. [Dep't of Pub. Welfare], 963 A.2d 1274 (Pa. 2009)). The Department's regulations for child care centers are applicable to facilities in which out-of-home care is provided, at any one time, for part of the 24-hour day to seven or more children (55 Pa. Code § 3270.3(a)). A child care center is defined as any premises in which child care is provided simultaneously to seven or more children who are not relatives of the operator (55 Pa. Code § 3270.4). Operation of a child care center without a certificate of compliance from the Department is prohibited (55 Pa. Code [§§ 20.1 – 20.82]; 55 Pa. Code § 3270.11(a)).

*Id.* The Department's letter also explained Private School's right to appeal. *Id.* at 3.

By letter dated March 29, 2022, Private School appealed the Department's cease and desist letter. R.R. at 4. The Department referred Private School's appeal to its Bureau of Hearings and Appeals (BHA) for disposition. *Id.* at 5. Before the BHA was able to schedule a hearing on the merits of Private School's appeal, Private School filed a Motion to Dismiss the Department's cease and desist letter (Motion to Dismiss). *See id.* at 6-12. In its Motion to Dismiss, Private School asserted the Human Services Code (Code) does not provide the Department with jurisdiction to regulate the Program. *Id.*

On December 28, 2022, ALJ Jacob Herzing (ALJ Herzing) held argument on Private School's Motion to Dismiss. *See* Notes of Testimony (N.T.), 12/28/22, at 1-45; R.R. at 13-57. At argument, the Department's counsel conceded the purpose of the hearing was to "rule on the motion to dismiss, based on the law, without any regard to any facts of this case whatsoever." N.T., 12/28/22, at 11; R.R. at 23. On April 24, 2023, ALJ Herzing issued an Adjudication and Order, rendering the following relevant findings of fact:

---

[1] Formerly the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §§ 101-1503.

Private School filed an interlocutory appeal of ALJ Herzing's order. *See* R.R. at 78-81. By order dated May 18, 2023 (Department's Order), the Department's Acting Secretary denied Private School's interlocutory appeal. *See* Certified Record (C.R.), Item #6. On June 2, 2023, Private School filed a Petition for Review in this Court.

On appeal, Private School argues the Department does not have authority to regulate its activities, and it requests we reverse the Department's Order and declare the Department "does not have jurisdiction over [Private School] and therefore no authority to issue a cease and desist order" to Private School. Petition for Review, 6/2/23, at 11. Private School also argues it should be immune from the Department's oversight due to its rights under various religious freedom clauses in the United States and Pennsylvania Constitutions.

## II.   Analysis

### A. Appealability of Order

Private School admits the Department's Order is appealable as of right only if it qualifies as a collateral order under Rule 313(b). Thus, we must determine if the Department's Order is a collateral order under Rule 313(b) before we can address the merits of Private School's appeal. "The appealability of an order under the [Pennsylvania Rule of Appellate Procedure] 313 collateral order doctrine presents a question of law, over which our standard of review is *de novo* and our scope of review is plenary." *Brooks v. Ewing Cole, Inc.*, 259 A.3d 359, 365 (Pa. 2021) (citation omitted) (italics added). "The collateral order rule is to be applied narrowly, inasmuch as it is an exception to the rule of finality." *Colonial Sch. Dist. v. Montgomery Co. Bd. of Assessment Appeals*, 232 A.3d 1051, 1056 (Pa. Cmwlth. 2020) (citation omitted).

jurisdiction over the matter." *Smires v. O'Shell*, 126 A.3d 383, 391 (Pa. Cmwlth. 2015) (quoting *Dep't of Transp., Bureau of Driver Licensing v. Clayton*, 684 A.2d 1060, 1064 (Pa. 1996)).

Under the third prong, we determine "whether a right is 'adequately vindicable' or 'effectively reviewable.'" *Geniviva*, 725 A.2d at 1213 (citation omitted). This question "cannot be answered without a judgment about the value interests that would be lost through rigorous application of a final judgment requirement." *Id.* "For instance, the substantial cost a party would incur in defending a claim may equate to an irreparable loss of a right to avoid the burden entirely." *Com. ex rel. Kane*, 128 A.3d at 345 (citation omitted).

The Department's Order meets the first prong of Rule 313(b)'s definition of a collateral order because the Department's Order denied only Private School's challenge to the Department's authority to regulate the Program. This is "entirely distinct from the underlying issues in the case," which are whether the Department can establish Private School violated the Department's regulations.[2] *See Shearer* 177 A.3d at 858.

Regarding the second prong of Rule 313(b)'s definition of a collateral order, the Department argues "the issue presented is a straightforward case involving application of a statutory scheme applicable just to [Private School]." Respondent's Br. at 10. This appeal, however, concerns whether the Department has jurisdiction to regulate a private school's provision of before and after school care for its students, which could have widespread implications for similarly-situated private schools throughout the Commonwealth. This is particularly true where, as here, the

---

[2] Although the Department now asserts these issues are not separable from Private School's appeal, the Department's counsel understood and agreed at the hearing before ALJ Herzing that these issues are separable. *See* R.R. at 24-26.

right. Consequently, we deny the Department's Motion to Quash, and we will proceed to evaluate the merits of Private School's appeal.

## B. The Department's Authority to Regulate the Program

The Department believes it has authority to regulate the Program as a "child care center" and a "children's institution" under the Code and the Department's regulations. Private School argues that the Program is not a "child care center" or a "children's institution" under the Code. Instead, Private School argues it is only subject to the supervision of the Department of Education as a "school which is operated by a bona fide church or other religious body" under Section 1327(b) of the Public School Code of 1949[3] (School Code), 24 P.S. § 13-1327(b).

A large portion of Private School's arguments were rejected by our Supreme Court in *St. Elizabeth's Child Care Center*, which involved a Roman Catholic Church (the Church) operating a nonprofit child day care center. *Id.* at 1274-75. Noting that the Church did not have a certificate of compliance, the Department of Public Welfare (DPW), which changed its name to the Department in 2014,[4] ordered the Church to cease and desist operating its day care. *Id.* at 1275. The Church, referencing Article X of the Code's restriction of DPW's licensing powers to for-profit "child care centers," argued DPW lacked authority to promulgate regulations requiring certification of nonprofit child day care centers. *Id.* The Supreme Court, however, noted that Article IX of the Code "confers broad regulatory power on DPW, providing it with supervisory authority over 'all children's institutions within this Commonwealth.'" *Id.* at 1276. The Court further concluded that "as a private child day care provider, [the Church] qualifies as a children's institution subject to DPW's supervisory power." *Id.* Accordingly, the

---

[3] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1-101 - 27-2702.

[4] *See* Act of September 24, 2014, P.L. 2458.

*v. Dep't of Transp., Bureau of Driver Licensing*, 928 A.2d 381, 383 (Pa. Cmwlth. 2007). When interpreting a statute, we "apply the Statutory Construction Act,[5] which directs us to ascertain and effectuate the intent of the General Assembly." *Johnson v. Phelan Hallinan & Schmieg, LLP*, 235 A.3d 1092, 1097 (Pa. 2020) (citing 1 Pa.C.S. § 1921(a)). "Generally, a statute's plain language provides the best indication of legislative intent." *Id.* (citation omitted). Where the language in a statute is clear, words and phrases contained in the statute must be construed in accordance with their common and accepted usage. 1 Pa. C.S. § 1903(a). "Only when the words of a statute are ambiguous will we resort to other considerations to discern legislative intent." *Johnson*, 235 A.3d at 1097 (citing 1 Pa.C.S. § 1921(c)). We are also mindful that "'[t]he interpretation of a statute by those charged with its execution is entitled to great deference, and will not be overturned unless such construction is clearly erroneous.'" *St. Elizabeth's*, 963 A.2d at 1277 (citation omitted).

Section 1327(b)(2)'s restrictions are limited to "this act," which clearly refers to the School Code, not all laws enacted by the General Assembly. *See* 24 P.S. § 13-1327(b)(2). In addition, Section 1327(b)(2) only limits governmental interference with "any religious school['s]" "course content, faculty, staff or disciplinary requirements." *Id.* These restrictions relate to a school's educational programming. Accordingly, we reject Private School's arguments that Section 1327(b)(2) of the School Code completely prohibits the Department from regulating any activities conducted at a religious school's facilities.

Private School also argues the Department's regulations do not apply to the Program. Specifically, Private School believes it is exempt from Section 3270.3 of

---

[5] Statutory Construction Act of 1972, 1 Pa. C.S. §§ 1501 – 1991.

Code's use of "nonpublic school" applies to all schools that are not public schools.[6] The School Code only treats "day school[s] which [are] operated by a bona fide church or other religious body" differently than other nonpublic schools in limited circumstances that serve a particular purpose.[7]   Accordingly, we reject Private School's arguments and conclude Private School qualifies as a "nonpublic school" under Section 3270.3 of the Department's regulations. *See* 55 Pa. Code § 3270.3.

For the reasons set forth above, we reject Private School's arguments that the law provides with certainty the Department cannot regulate the Program. At this stage of these proceedings, we are not being asked to determine whether the Program provides child care and is, therefore, subject to the Department's regulations. Instead, the Department will bear the burden of proof before the BHA to establish

---

[6] *See, e.g.*, Sections 1504-J and 1507-J of the School Code, added by the Act of June 28, 2019, P.L. 146, 24 P.S. §§ 15-1504-J, 15-1507-J ("public schools or nonpublic schools"); Sections 923.1-A and 923.2-A of the School Code, added by the Act of September 26, 1978, P.L. 771, 24 P.S. §§ 9-923.1-A, 9-923.2-A ("'Nonpublic school' means any nonprofit school, other than a public school within the Commonwealth of Pennsylvania, wherein a resident of the Commonwealth may legally fulfull the compulsory school attendance requirements . . . ."); Section 923-A of the School Code, added by the Act of July 12, 1972, P.L. 863, 24 P.S. § 9-923-A ("'Nonpublic school' means any school, other than a public school within the Commonwealth of Pennsylvania, wherein a resident of the Commonwealth may legally fulfill the compulsory school attendance requirements of this act . . . .") ("Approximately one quarter of all children in the Commonwealth, in compliance with the compulsory attendance provisions of this act, attend nonpublic schools"); Section 1213 of the School Code, 24 P.S. § 12-1213 ("public or nonpublic schools").

[7] *See* Section 1613(b) of the School Code, 24 P.S. § 16-1613(b) (providing minimum courses for high school graduation in schools operated by a bona fide church or other religious body); Section 1327(b) of the School Code, 24 P.S. § 13-1327(b) (establishing minimum curriculum requirements for schools operated by a bona fide church or other religious body, and exempting those schools from the Department of Education's curriculum requirements which apply to public schools and other nonpublic schools).

13

The record confirms the first time Private School raised its constitutional challenges in this matter was in the statement of questions involved in its brief before this Court. Therefore, Private School waived review of any as applied constitutional challenges[11] by failing to raise them before the Department. *See Lehman*, 839 A.2d at 276. Private School preserved its facial constitutional challenges, however, by raising them in the statement of questions involved in its brief. *See id.*; Pa.R.A.P. 1513(d), 2116.

Private School's facial challenges assert the Department's regulations violate the establishment and free exercise clauses of the First Amendment to the United States Constitution[12] and the freedom of conscience and religious practices clause of article I, section 3 of the Pennsylvania Constitution.[13] Private School asserts the Department's regulations would require religious schools to complete an orientation before operating a child care center and to complete ongoing professional development training. *See* Petitioner's Br. at 38. Private School also asserts the Department's regulations require compliance with federal and state civil rights laws from which religious schools are exempt. *Id.* at 38-39. Accordingly, Private School believes the Department's regulations impermissibly infringe upon a religious

---

unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right." *Weissenberger v. Chester Cnty. Bd. of Assessment Appeals*, 62 A.3d 501, 505 (Pa. Cmwlth. 2013) (citation omitted). "[A]n as-applied challenge will not necessarily invalidate a law given that a law 'may operate in an unconstitutional way as to one particular individual or company, as to which it may be declared void, and yet may, as to others still be effective.'" *Nigro*, 174 A.3d at 700 (quoting *Pennsylvania R. Co. v. Driscoll*, 9 A.2d 621, 632 (Pa. 1939)).

[11] Private School's arguments begin by sounding as facial challenges, yet appear to develop into as applied challenges.

[12] U.S. Const. amend. I.

[13] Pa. Const. art. I, § 3.

reference in the regulations to various civil rights laws infringes upon a religious school's employment decisions.

With regard to Private School's other asserted concerns, similar to the Church in *St. Elizabeth's II*, Private School "has not explained how the regulations at issue interfere with the facility's ability to communicate Church teachings," and has "failed to identify any actual or imminent infringement upon [its] right." *Id.* at 56, 57. Accordingly, Private School's "constitutional claims necessarily fail." *Id.* at 57.

### III.    Conclusion

For the reasons set forth above, we deny the Department's Motion to Quash Private School's petition for review and affirm the Department's Order.


*Swallace*
_____
STACY WALLACE, Judge


Judge McCullough did not participate in the decision of this case.

17

| **Commonwealth of Pennsylvania**  | **RETURN of SERVICE AND INVENTORY** |
|---|---|
| COUNTY OF  Allegheny | |

| Docket Number: MD-10-24 (Issuing Authority): | Police Incident Number: N/A | Warrant Control Number: |
|---|---|---|
| Date of Search: 04/09/24 | Time of Search: 3:45 pm | Property Seized as result of Search(Y/N): N |

| Date of Return: 04/16/24 | Time of Return: 11:45 am | Officer Making Return: OCDEL Representative Kristen Court |
|---|---|---|

Signature of Person Seizing Property: _(signature)_

Other Officers Participating in Search: OCDEL Representative Joyce Purcell & Constable Dimitro Kulik (he did not participate in the search)

### Pa.R.Crim.P. Chapter 2, Part A. SEARCH WARRANTS

**Rule 202. Approval of Search Warrant Applications by Attorney for the Commonwealth - Local Option.**

(a)  The District Attorney of any county may require that search warrant applications filed in the county have the approval of an attorney for the Commonwealth prior to filing.

**Rule 204. Person To Serve Warrant.**

A search warrant shall be served by a law enforcement officer.

**Rule 205. Contents of Search Warrant.**

Each search warrant shall be signed by the issuing authority and shall:

(1)  specify the date and time of issuance;
(2)  identify specifically the property to be seized;
(3)  name or describe with particularity the person or place to be searched;
(4)  direct that the search be executed either: (a) within a specified period of time, not to exceed 2 days from the time of issuance, or; (b) when the warrant is issued for a prospective event, only after the specified event has occurred.
(5)  direct that the warrant be served in the daytime unless otherwise authorized on the warrant, PROVIDED THAT, for purposes of the Rules of Chapter2, Part A., the term "daytime" shall be used to mean the hours of 6 a.m. to 10 p.m.;
(6)  designate by title the judicial officer to whom the warrant shall be returned;
(7)  certify that the issuing authority has found probable cause based upon the facts sworn to or affirmed before the issuing authority by written affidavit(s) attached to the warrant; and
(8)  when applicable, certify on the face of the warrant that for good cause shown the affidavit(s) is sealed pursuant to Rule 211 and state the length of time the affidavit(s) will be sealed.

**Rule 206. Contents of Application for Search Warrant.**

Each application for a search warrant shall be supported by written affidavit(s) signed and sworn to or affirmed before an issuing authority, which affidavit(s) shall:

(1)  state the name and department, agency, or address of the affiant;
(2)  identify specifically the items or property to be searched for and seized;
(3)  name or describe with particularity the person or place to be searched;
(4)  identify the owner, occupant, or possessor of the place to be searched;
(5)  specify or describe the crime which has been or is being committed;
(6)  set forth specifically the facts and circumstances which form the basis for the affiant's conclusion that there is probable cause to believe that the items or property identified are evidence or the fruit of a crime, or are contraband, or are or are expected to be otherwise unlawfully possessed or subject to seizure, and that these items or property are or are expected to be located on the particular person or at the particular place described;
(7)  if a "nighttime" search is requested (i.e., 10 p.m. to 6 a.m.), state additional reasonable cause for seeking permission to search in the nighttime; and
(8)  when the attorney for the Commonwealth is requesting that the affidavit(s) be sealed pursuant to Rule 211, state the facts and circumstances which are alleged to establish good cause for the sealing of the affidavit(s).

**Rule 208. Copy of Warrant; Receipt for Seized Property.**

(a)  A law enforcement officer, upon taking property pursuant to a search warrant, shall leave with the person from whom or from whose premises the property was taken a copy of the warrant and affidavit(s) in support thereof, and a receipt for the property seized. A copy  of the warrant and affidavit(s) must be left whether or not any property is seized.
(b)  If no one is present on the premises when the warrant is executed, the officer shall leave the documents specified in paragraph (a) at a conspicuous location in the said premises. A copy of the warrant and affidavit(s) must be left whether or not any property is seized.
(c)  Notwithstanding the requirements in paragraphs (a) and (b), the officer shall not leave a copy of an affidavit that has been sealed pursuant to Rule 211.

**Rule 209. Return with Inventory.**

(a)  An inventory of items seized shall be made by the law enforcement officer serving a search warrant. The inventory shall be made in the presence of the person from whose possession or premises the property was taken, when feasible, or otherwise in the presence of  at least one witness. The officer shall sign a statement on the inventory that it is a true and correct listing of all items seized, and that the signer is subject to the penalties and provisions of 18 Pa.C.S. Section 4904(b) - Unsworn Falsification to Authorities.  The inventory shall be returned to and filed with the issuing authority.
(b)  The judicial officer to whom the return was made shall upon request cause a copy of the inventory to be delivered to the applicant for the warrant and to the person from whom, or from whose premises, the property was taken.
(c)  When the search warrant affidavit(s) is sealed pursuant to Rule 211, the return shall be made to the justice or judge who issued the warrant.

**THE LAW ENFORCEMENT OFFICER SHALL MAKE ALL RETURNS TO THE ISSUING AUTHORITY DESIGNATED ON THE SEARCH WARRANT.**

A COPY OF THIS FORM, WHEN COMPLETED, IS TO BE ATTACHED TO EACH COPY OF THE SEARCH WARRANTS/AFFIDAVIT

| **Commonwealth of Pennsylvania** | | **RECEIPT / INVENTORY OF SEIZED PROPERTY** |
|---|---|---|
| **COUNTY OF** Allegheny | | |

| Docket Number: (Issuing Authority): MD-10-24 | Police Incident Number: N/A | Warrant Control Number: |
|---|---|---|

| Date of Search: 4/9/24 | Time of Search: 3:45 pm | Inventory Page Number: 1 of 1 Pages |
|---|---|---|

| OCDEL Representative Kristen Court | DHS, OCDEL, Bureau of Certification | N/A |
|---|---|---|
| *Affiant* | *Agency or Address if private affiant* | *Badge No.* |

The following property was taken / seized and a copy of this Receipt / Inventory with a copy of the Search Warrant and affidavit(s) (if not sealed) was

☐ personally served on (name of person) _____

☐ was left at (describe the location) _____

| Item Number | Quantity | Item Description | Make, Model, Serial No., Color, etc. |
|---|---|---|---|
| | | No items were seized. | |
| | | (Note: Although no items were seized, OCDEL took 16 photos of | |
| | | documents of children's names that were attached to clip boards. | |
| | | These documents were not seized and remained at | |
| | | the search location.) | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

I/we do hereby state that this inventory is to the best of my/our knowledge and belief a true and correct listing of all items seized, and that I/we sign this Receipt / Inventory subject to the penalties and provisions of Title 18 Pa.C.S. 4904(b)--Unsworn Falsification to Authorities.

| *Signature of person issuing Receipt / Inventory* | Kristen Court | DHS, OCDEL, Bureau of Certification | OCDEL Representative |
|---|---|---|---|
| | *Printed Name* | *Affiliation* | *Badge or Title* |
| Kathleen Westover | Kathleen Westover | | |
| *Signature of Witness* | *Printed Name* | *Affiliation* | *Badge or Title* |
| | Kristen Court | DHS, OCDEL, Bureau of Certification | OCDEL Representative |
| *Signature of person making search* | *Printed Name* | *Affiliation* | *Badge or Title* |

# Carnicella Exhibit 2
## Emails re Stay of BHA Appeal

## Bradley, Scott

| | |
|---|---|
| **From:** | Carnicella, Amy <ACarnicell@pa.gov> |
| **Sent:** | Thursday, March 7, 2024 4:39 PM |
| **To:** | Kathryn L. Clark |
| **Subject:** | RE: [External] FW: South Hills Catholic Academy PHTC Order & PA Supreme Court Appeal |
| **Attachments:** | SOUTH HILLS CATHOLIC ACADEMY 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.pdf |

There is no need to file anything.

I just received this so your copy is likely coming to you soon.

**From:** Kathryn L. Clark <kclark@smgglaw.com>
**Sent:** Thursday, March 7, 2024 4:32 PM
**To:** Carnicella, Amy <ACarnicell@pa.gov>
**Subject:** [External] FW: South Hills Catholic Academy PHTC Order & PA Supreme Court Appeal

***ATTENTION:*** *This email message is from an external sender. Do not open links or attachments from unknown senders. To report suspicious email, use the* <u>*Report Phishing button in Outlook.*</u>

Amy – I have not received a response from BHA. Based upon your email, are you agreeable if I file a motion to stay the hearing before BHA? I have attached a draft motion for your review. If you are agreeable, I would propose to file the Motion tomorrow (Friday).

Please let me know.

Regards,

Kathy


**Kathryn L. Clark** | *Shareholder*

 **Strassburger McKenna Gutnick & Gefsky**
ATTORNEYS AT LAW | SINCE 1919
444 Liberty Avenue, Suite 2200 | Pittsburgh, PA 15222
(O) 412-281-5423 | (F) 412-281-8264
(Direct) 412-227-0268 | (C) 412-977-7322
Website | Email | Directions

**Confidentiality Notice:**
This message, together with any attachments, is intended for the addressee only. It may contain information which is legally privileged, confidential, or otherwise exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use, or any action or reliance on this communication is not authorized by the sender. If you have received this e-mail in error, please notify the sender immediately by telephone at 412-281-5423 or by return e-mail. Please also delete this message, along with any attachments.


**Kathryn L. Clark** | *Shareholder*



**Strassburger McKenna Gutnick&Gefsky**
ATTORNEYS AT LAW SINCE 1919

444 Liberty Avenue, Suite 2200 | Pittsburgh, PA 15222
(O) 412-281-5423 | (F) 412-281-8264
(Direct) 412-227-0268 | (C)  412-977-7322
Website | Email | Directions

**Confidentiality Notice:**
This message, together with any attachments, is intended for the addressee only. It may contain information which is legally privileged, confidential, or otherwise exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use, or any action or reliance on this communication is not authorized by the sender. If you have received this e-mail in error, please notify the sender immediately by telephone at 412-281-5423 or by return e-mail. Please also delete this message, along with any attachments.

**From:** Carnicella, Amy <ACarnicell@pa.gov>
**Sent:** Monday, March 4, 2024 2:42 PM
**To:** PW, BHA Admin Region <RA-bhaadminregion@pa.gov>; Brace, Charles <cbrace@pa.gov>
**Cc:** Kathryn L. Clark <kclark@smgglaw.com>
**Subject:** South Hills Catholic Academy PHTC Order & PA Supreme Court Appeal

> **CAUTION: This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender and have confirmed that the content is safe.**

Dear BHA,

I am in receipt of BHA's attached Pre-Hearing Conference Scheduling Order for March 12, 2024, at 9:00. Although I am available on that date and time, I want to make BHA aware that Attorney Clark, counsel for Appellant, filed a Petition for Allowance of Appeal of Commonwealth Court's Order with the PA Supreme Court. The Petition for Allowance of Appeal was filed on February 9, 2024, and it has been assigned docket number 51 WAL 2024.

Based upon this information, would BHA please advise whether the pre-hearing telephone conference call will be held on March 12, 2024, or whether the appeal before BHA will be stayed pending the outcome by the PA Supreme Court.

I am in favor of staying the appeal before BHA and welcome Attorney Clark's input on this as well.

Thank you.

**Amy Carnicella, Assistant Counsel**
Governor's Office of General Counsel
Commonwealth of Pennsylvania
Department of Human Services
301 Fifth Avenue, Piatt Place, Suite 430
Pittsburgh, PA 15222
Phone: 412-565-5366 | Fax: 412-565-2489
acarnicell@pa.gov
www.dhs.pa.gov

**PRIVILEGED AND CONFIDENTIAL COMMUNICATION**
**ATTORNEY WORK PRODUCT**

*The information transmitted is intended only for the person or entity to whom it is addressed and may contain confidential and/or privileged material. Any use of this information other than by the intended recipient is prohibited. If you receive this message in error, please send a reply e-mail to the sender and delete the material from any and all computers.  Unintended transmissions shall not constitute a waiver of the attorney-client or any other privilege.*

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF HUMAN SERVICES
BUREAU OF HEARINGS AND APPEALS

IN THE APPEAL OF:     **South Hills Catholic Academy**
BHA ID No.: 9999
BHA Docket No.: **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**
**Day Care Licensure**

## ORDER

**AND NOW**, upon consideration of South Hills Catholic Academy's (Appellant) February 9, 2024, Petition for Allowance of Appeal to the Supreme Court of Pennsylvania (Petition), the Bureau of Hearings and Appeals **(BHA)** hereby **ORDERS** that the above-captioned appeal be **STAYED** for a period of one hundred eighty *(180)* calendar days to permit the resolution of Petition.

Appellant is directed to submit a status report to the undersigned within one hundred eighty **(180)** calendar days from the date of this Order.  Failure to submit a timely status report will result in the automatic lifting of the stay and the BHA will issue an appropriate order. Additionally, Appellant is hereby ordered to notify the undersigned within fifteen **(15)** calendar days of any final disposition of the related proceedings.  Responses shall be directed to the undersigned at the Bureau of Hearings and Appeals at 2330 Vartan Way, Second Floor, Harrisburg, Pennsylvania 17110. The Parties are directed to provide the opposing party a copy of any correspondence filed with the BHA.

\_**March 5, 2024**_____

Mailing Date

Jacob Herzing, Esq.
Administrative Law Judge

cc:  Harmony Stewart, Representative, Appellant
Kathryn L. Clark, Esq., Counsel for Appellant
Amy Carnicella, Esq. DHS-OGC
Sharon Arabia, Acting Director, OCDEL
Tammy Korczyk, Director, Western Regional OCDEL
File

# Carnicella Exhibit 3
## Emails re School Calendar

## Bradley, Scott

| | |
|---|---|
| **From:** | Carnicella, Amy <ACarnicell@pa.gov> |
| **Sent:** | Monday, April 15, 2024 3:41 PM |
| **To:** | Kathryn L. Clark; Cuccarese, Eugene; Arabia, Sharon |
| **Subject:** | RE: [External] South Hills Catholic Academy |

Kathryn -

In response to your letter dated April 12, 2024, it remains the Department's position that on January 11, 2024, when Commonwealth Court issued its Opinion and Order addressing your client's Petition for Review, that Order constituted further order of the Court, thereby nullifying the Stay Order dated December 20, 2023. Additionally, the Department's position that it is authorized to enter and inspect the GAP pending appeal in accordance with the law and its policies and procedures remains unchanged.

**From:** Carnicella, Amy
**Sent:** Friday, April 12, 2024 2:46 PM
**To:** Kathryn L. Clark <kclark@smgglaw.com>; Cuccarese, Eugene <ecuccarese@pa.gov>; Arabia, Sharon <SARABIA@pa.gov>
**Subject:** RE: [External] South Hills Catholic Academy

OCDEL will not be visiting the GAP between today and Tuesday, April 16, 2024.

I will get back to you on Tuesday. Thank you.

**From:** Kathryn L. Clark <kclark@smgglaw.com>
**Sent:** Friday, April 12, 2024 2:43 PM
**To:** Carnicella, Amy <ACarnicell@pa.gov>; Cuccarese, Eugene <ecuccarese@pa.gov>; Arabia, Sharon <SARABIA@pa.gov>
**Subject:** RE: [External] South Hills Catholic Academy

Amy –

As has been previously communicated, the GAP program is part and parcel of the school operation; therefore, when school is not in session, neither is the GAP program. Below is a copy of the 2023-2024 school calendar, which is publicly available on the school's website.

I will wait for a response until **noon on Tuesday, April 16, 2024** since you indicated Ms. Arabia will be in the office on Monday, so long as you will also provide assurance that no DHS representative will be visiting South Hills Catholic Academy during this period.

Regards,

Kathy



**SOUTH** HILLS
**CATHOLIC** ACADEMY

**5** First Day of School

| SEPTEMBER 2023 | | | | | | |
|---|---|---|---|---|---|---|
| S | M | T | W | Th | F | S |
| | | | | | 1 | 2 |
| 3 | 4 | **5** | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |

| FEBRUARY 2024 | | | | | | |
|---|---|---|---|---|---|---|
| S | M | T | W | Th | F | S |
| | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | **19** | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | | |

**19** N

**9** No School- Columbus Day

| OCTOBER 2023 | | | | | | |
|---|---|---|---|---|---|---|
| S | M | T | W | Th | F | S |
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | **9** | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 | | | | |

| MARCH 2024 | | | | | | |
|---|---|---|---|---|---|---|
| S | M | T | W | Th | F | S |
| | | | | | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | **27** | **28** | **29** | 30 |
| 31 | | | | | | |

**27-**

**20-24** Fall Break

| NOVEMBER 2023 | | | | | | |
|---|---|---|---|---|---|---|
| S | M | T | W | Th | F | S |
| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | **20** | **21** | **22** | **23** | **24** | 25 |
| 26 | 27 | 28 | 29 | 30 | | |

| APRIL 2024 | | | | | | |
|---|---|---|---|---|---|---|
| S | M | T | W | Th | F | S |
| | **1** | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | | | | |

**1-** N

**25- Jan 5** Christmas Break

| DECEMBER 2023 | | | | | | |
|---|---|---|---|---|---|---|
| S | M | T | W | Th | F | S |
| | | | | | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | **25** | **26** | **27** | **28** | **29** | 30 |
| 31 | | | | | | |

| MAY 2024 | | | | | | |
|---|---|---|---|---|---|---|
| S | M | T | W | Th | F | S |
| | | 1 | 2 | 3 | 4 | |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | **27** | 28 | 29 | 30 | 31 | |

**27-**

**31-**

**From:** Carnicella, Amy <ACarnicell@pa.gov>
**Sent:** Friday, April 12, 2024 12:01 PM
**To:** Kathryn L. Clark <kclark@smgglaw.com>; Cuccarese, Eugene <ecuccarese@pa.gov>; Arabia, Sharon

<SARABIA@pa.gov>
**Subject:** RE: [External] South Hills Catholic Academy

---

**CAUTION: This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender _and_ have confirmed that the content is safe.**

---

Attorney Clark,

I am in receipt of your letter; however, both Gene and Sharon are out of the office today.  While I intend to respond to you, I would like the opportunity to speak with Sharon first.  Please advise if you are willing to wait until Wednesday of next week for a response considering I am not privy to what Sharon's schedule is like when she returns to the office on Monday.

Also, would you advise when the last day of school is for the SHCA and if the Guardian Angels Program operates when school is not in session over the summer?  The answers to these two questions will assist us in our response to you.

Amy

**From:** Kathryn L. Clark <kclark@smgglaw.com>
**Sent:** Friday, April 12, 2024 10:21 AM
**To:** Cuccarese, Eugene <ecuccarese@pa.gov>; Arabia, Sharon <SARABIA@pa.gov>; Carnicella, Amy <ACarnicell@pa.gov>
**Subject:** [External] South Hills Catholic Academy

---

***ATTENTION:*** *This email message is from an external sender. Do not open links or attachments from unknown senders. To report suspicious email, use the* _Report Phishing button in Outlook._

Please see the attached correspondence.

Regards,

Kathy

**Kathryn L. Clark** | *Shareholder*



**Strassburger McKenna Gutnick&Gefsky**
ATTORNEYS AT LAW SINCE 1919

444 Liberty Avenue, Suite 2200 | Pittsburgh, PA 15222
(O) 412-281-5423 | (F) 412-281-8264
(Direct) 412-227-0268 | (C)  412-977-7322
Website | Email | Directions

**Confidentiality Notice:**
This message, together with any attachments, is intended for the addressee only. It may contain information which is legally privileged, confidential, or otherwise exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use, or any action or reliance on this communication is not authorized by the sender. If you have received this e-mail in error, please notify the sender immediately by telephone at 412-281-5423 or by return e-mail. Please also delete this message, along with any attachments.

This email has been scanned for spam and viruses. Click here to report this email as spam.